**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTINA HARING,**

        **Plaintiff,**

-vs-                                       Case No. **6:07-cv-1764-Orl-19DAB**

**ATTORNEY GENERAL OF THE UNITED**
**STATES; SECRETARY OF THE**
**DEPARTMENT OF HOMELAND SECURITY,**

        **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion To Dismiss Complaint By Defendants Peter D. Keisler And Michael Chertoff (Doc. No. 8, filed Feb. 14, 2008); and

2. Reply To Defendants' Motion To Dismiss Complaint By Plaintiff Christina Haring (Doc. No. 9, filed Feb. 22, 2008).

## Background

Plaintiff Christina Haring petitions this Court for a hearing on her application for naturalization pursuant to the Immigration and Nationality Act ("INA") § 336(b), 8 U.S.C. § 1447(b) (2006). (Doc. No. 1 at p. 1.) Plaintiff filed her petition on November 6, 2007, and she asserts therein that Defendants Peter D. Keisler, Acting Attorney General of the United States, and Michael Chertoff, Secretary of the Department of Homeland Security, failed to make a determination on Plaintiff's naturalization application within 120 days after her initial examination as required by law.

(*Id.*) On January 12, 2008, the United States Citizenship and Immigration Services ("USCIS")[1] issued a decision on Plaintiff's application finding her ineligible for naturalization. (Doc. No. 8-2.) Accordingly, Defendants move to dismiss the case, arguing that Plaintiff's petition is now moot. (Doc. No. 8.) Plaintiff has filed a Response in opposition to Defendants' Motion. (Doc. No. 9.)

**Standard of Review**

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. In a factual challenge, a court must determine if it has power to hear the case. *Id.* A court

---

[1] The grant of authority to the Attorney General to adjudicate applications for naturalization has been delegated to the Department of Homeland Security and to its agency, the USCIS. 6 U.S.C. §§ 271(b)(2), 557 (2006); 8 U.S.C. § 1103(a) (2006); 6 C.F.R. § 2.1 (2007); 8 C.F.R. § 310.1 (2007).

is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id.*

## Analysis

Plaintiff brought this case under Title 8, Section 1447 of the United States Code seeking adjudication of her naturalization application. (Doc. No. 1.) This provision states in relevant part:

> If there is a failure to make a [naturalization] determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Federal courts are split as to whether this provision vests exclusive jurisdiction in the federal courts once a complaint has been filed, or whether the USCIS retains concurrent jurisdiction. The two published appellate court opinions that address the issue were decided in favor of exclusive jurisdiction. *Etape v. Chertoff*, 497 F.3d 379, 385 (4th Cir. 2007); *United States v. Hovsepian*, 359 F.3d 1144, 1159 (9th Cir. 2004) (en banc). The majority of district courts considering the issue have also found exclusive jurisdiction. *Etape*, 497 F.3d at 382 n. 1; *see also, e.g.*, *Izraileva v. Chertoff*, No. 8:07-cv-21-T-27MSS, 2007 WL 3120255, at *1 (M.D. Fla. Oct. 23, 2007).

The cases on point from the Fourth and Ninth Circuits thoroughly analyzed the proper interpretation of Section 1447(b). As explained by Judge Whittemore of this District:

> This Court agrees with the Magistrate Judge that the reasoning in *Hovsepian*, an en banc decision of the Ninth Circuit, is sound. That Court thoroughly analyzed the statute and the Congressional intent evidenced by the plain language of the statute. In *Etape*, the Fourth Circuit likewise examined the language of the statute and agreed with *Hovsepian*. The Court in *Etape*, in addition to examining the language of the statute, considered "precedent directing the proper interpretation of such language,

and the larger statutory context." 497 F.3d at 382. The reasoning and conclusions of *Hovsepian* and *Etape* are persuasive.

*Izraileva*, 2007 WL 3120255, at *1. For instance, the Fourth Circuit Court of Appeals explained its reasoning as follows:

> Section 1447(b) provides the district court with two options once it has obtained jurisdiction: to "determine the matter," or to "remand the matter, with appropriate instructions, to the [USCIS] to determine the matter." Giving these words their "ordinary meaning," as we must, *BP Am. Prod. Co. v. Burton*, 127 S.Ct. 638, 643 (2006), we can only conclude that a proper § 1447(b) petition vests the district court with exclusive jurisdiction, unless and until the court "remand[s] the matter" to the [USCIS].
>
> . . . [A]lthough § 1447(b) provides a federal court with "jurisdiction" to "determine the matter," under the Government's view, the district court's power to make this determination can be extinguished if the [USCIS] makes this precise determination first. Indeed, the Government's interpretation of § 1447(b) effectively enables the [USCIS], an administrative agency, to divest a federal district court of its congressionally authorized jurisdiction. Nothing in the statute suggests that Congress intended that an agency could subvert Congress' choice to vest the district court with jurisdiction to "determine the matter" once an applicant files a timely § 1447(b) petition. *See Hovsepian*, 359 F.3d at 1160 ("How can the court 'determine the matter' if the [USCIS] has the option to 'determine the matter,' too, and essentially force the court to accept its view?").

*Etape*, 497 F.3d at 383. Similarly, the Ninth Circuit reasoned:

> Our statutory analysis is consistent with *Brock v. Pierce County*, 476 U.S. 253 (1986). *Brock* held that an agency does not lose jurisdiction unless the statute at issue requires that the agency act within a particular time period and the statute specifies a consequence for failure to comply with the time limit. *Id.* at 259, 266 . . . . Here, 8 U.S.C. § 1447(b) requires the INS to make a decision regarding a naturalization application within 120 days of the INS's initial interview of the applicant. Further, § 1447(b) specifies a consequence for failure to meet this deadline, namely, that the district court gains jurisdiction over the matter (upon the applicant's request) until the district court decides the case or exercises its discretion to remand the matter to the INS. Under *Brock*, therefore, § 1447(b) is an effective jurisdiction-stripping statute. *See Friends of Crystal River v. EPA*, 35 F.3d 1073, 1075 n. 3, 1080 (6th Cir.1994) (holding that a similar statute divested the EPA of jurisdiction and gave exclusive jurisdiction instead to the Army Corps of Engineers).

*Hovsepian*, 359 F.3d at 1161.

This Court also finds the reasoning of these cases persuasive and concludes that Section 1447(b) vested the Court with exclusive jurisdiction over Plaintiff's claim once her case was filed in federal court. USCIS no longer had jurisdiction to adjudicate Plaintiff's application as of November 6, 2007; therefore, the USCIS' January 12, 2008 decision on Plaintiff's application was not authorized by statute. Accordingly, this case is not moot, and the Court must deny Defendants' Motion to dismiss.[2]

### Conclusion

Based on the foregoing, the Court **DENIES** Defendant's Motion to dismiss. (Doc. No. 8.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 26, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] The Court notes, however, that Section 1447(b) does not require the Court to reach the merits of Plaintiff's naturalization application. The Court also has the authority to remand the case back to the USCIS for further proceedings. *Etape*, 497 F.3d at 387 ("That said, our holding does not 'require[ ]' a district court 'to expend' judicial resources . . . for § 1447(b) allows a district court to remand a case immediately to the [USCIS] if it so chooses."); *see also Baig v. Caterisano*, No. 3:07-cv-689-HEH, 2008 WL 631206 (E.D. Va. Mar. 7, 2008) (denying motion to dismiss but granting motion to remand).