**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTINA HARING,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:07-cv-1764-Orl-19DAB**

**ATTORNEY GENERAL OF THE UNITED STATES, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,**

        **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Remand by Defendants (Doc. No. 12, filed Apr. 9, 2008); and

2. Response to Defendant's (sic) Motion to Remand by Plaintiff (Doc. No. 13, filed Apr. 18, 2008).

Plaintiff Christina Haring petitioned this Court for a hearing on her application for naturalization pursuant to the Immigration and Nationality Act ("INA") § 336(b), 8 U.S.C. § 1447(b) (2006). (Doc. No. 1 at 1, filed Nov. 6, 2007.) Plaintiff filed her petition on November 6, 2007 and asserted therein that Defendants Peter D. Keisler, then Acting Attorney General of the United States, and Michael Chertoff, Secretary of the Department of Homeland Security, failed to make a determination on Plaintiff's naturalization application within 120 days after her initial examination as required by law. (*Id.*) On January 12, 2008, the United States Citizenship and Immigration Services ("USCIS")[1] issued a decision on Plaintiff's application finding her ineligible for

---

[1]    The grant of authority to the Attorney General to adjudicate applications for
(continued...)

naturalization.  (Doc. No. 8-2.)  Accordingly, Defendants moved to dismiss the case, arguing that Plaintiff's petition is now moot.  (Doc. No. 8, filed Feb. 14, 2008.)

In its March 26, 2008 Order, the Court denied the Motion to Dismiss, finding that Title 8, Section 1447(b) divested the USCIS of jurisdiction to adjudicate the naturalization petition once Plaintiff filed her case in federal court.  (Doc. No. 10 at 5.)  The Court also noted, however, that Section 1447(b) did not require the Court to reach the merits of Plaintiff's naturalization application.  (*Id.* at n.2.)  The Court may also remand the case to the USCIS for further proceedings.  (*Id.*)

Ordinarily, with respect to immigration matters, "a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *Israileva v. Chertoff*, No. 8:07-cv-21-T-27MSS, 2008 WL 1766663, at *1 (M.D. Fla. Apr. 17, 2008) (quoting *Immigration & Naturalization Serv. v. Ventura*, 537 U.S. 12, 16 (2002)).  As Judge Whittemore in this District has explained:

> . . . Many courts have recognized that the [USCIS], rather than a court, "has the experience and expertise in making [naturalization] assessment[s]–and, more generally, in determining whether an applicant meets all the various criteria for naturalization . . ." *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 844 (E. D. Mich. 2006); *see also Hussein v. Gonzales*, 474 F. Supp. 2d 1265, 1269 (M. D. Fla. 2007).  If the district court decides to remand an action to the [USCIS], § 1447(b) expressly authorizes the court to provide instructions to the [USCIS]. *See* 8 U.S.C. § 1447(b); *see also Etape v. Chertoff*, 497 F.3d 379, 384 (4th Cir. 2007) ("Congress empowered the district court in remanding to the [USCIS] to provide the agency 'with appropriate instructions' "). [The USCIS] may be instructed, for example, to take a particular course of action on an application or to adjudicate an application within a particular period of time. *Id.*

---

[1](...continued)
   naturalization has been delegated to the Department of Homeland Security and to its agency, the USCIS.  6 U.S.C. §§ 271(b)(2), 557 (2006); 8 U.S.C. § 1103(a) (2006); 6 C.F.R. § 2.1 (2007); 8 C.F.R. § 310.1 (2007).

> Considering its experience and expertise in naturalization matters, specifically in assessing naturalization applications, [the USCIS] should adjudicate Plaintiff's application. However, considering the delay in adjudicating Plaintiff's application and [the USCIS'] ultimate denial, albeit a nullity, instructions on remand are appropriate. While this Court finds that remanding this action for a final determination by the [USCIS] is appropriate, it is important that the remand and final determination be timely as well as meaningful. A *de novo* consideration of Plaintiff's application is therefore appropriate, including a consideration of Plaintiff's contention that C.F.R. § 316.5(b) does not apply to her.

(*Id.* at **1-2.) The Court finds this reasoning persuasive and will order a remand of Plaintiff's case to the USCIS with instructions.

## Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED**:

1. Defendants' Motion to Remand (Doc. No. 12, filed Apr. 9, 2008) is **GRANTED**. The USCIS shall consider Plaintiff's application for naturalization *de novo* and render a final adjudication within ninety (90) days from the date of this Order. In its final decision, the USCIS shall provide an explanation for its decision, include citations to any statutory, regulatory, or other authority relied upon, and shall address any statutory or regulatory arguments raised by Plaintiff in support of her application.[2]

2. Plaintiff's Petition for Hearing on Naturalization Application (Doc. No. 1, filed Nov. 6, 2007) is **DENIED**.

3. Defendants shall file notice with this Court when they have complied with this Order, no later than 120 days from the date of this Order.

4. The Clerk of the Court is directed to administratively close this case.

---

[2] *See Israileva,* 2008 WL 1766663, at *2 (providing an identical instruction).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June <u>13th</u>, 2008.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record